RAMÍREZ v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Guayama.

No. 56.—Decided May 16, 1910.

DECLARATION OF OWNERSHIP—POWER OF REGISTRAR TO CLASSIFY JUDICIAL ORDERS.—Article 18 of the Mortgage Law confers upon registrars the power to classify all instruments issued by judicial authority under their personal responsibility, for the sole purpose of admitting to record or of suspending or refusing to admit to record or enter cautionary notices thereof, but such authority does not go to the extent of authorizing them to inquire into the grounds upon which judicial orders are based, nor to decide as to the legality thereof, for the purpose either of admitting or denying the record of such instruments, although they are permitted to consider whether or not the court had jurisdiction to render the same.

ID.—GROUNDS ON WHICH JUDICIAL ORDERS ARE BASED.—The foregoing doctrine is supported by the principle that the grounds on which judicial orders are based and the very important matter of the weighing of evidence, are questions which must be left to the wisdom and integrity of courts of justice, and pertain to a sphere entirely independent of that in which registrars of property act.

ID.—POWERS OF REGISTRARS—ALLEGED ERRORS IN JUDICIAL DECISION.—Where a district court errs in the approval of proceedings to secure dominion title, the registrar of the district is not authorized to render a decision thereon, but such action is the exclusive province of the proper court in an action prosecuted by the aggrieved party.

The facts are stated in the opinion.

*Mr. Vicente F. Rodríguez* for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Antonio Ramírez Muñoz instituted proceedings in the District Court of Guayama to establish the ownership of three tracts of land, one of them consisting of 1¾ *cuerdas,* equivalent to 54 ares and 78 centares, situated in *barrio* ''Monte Llano'' of Cayey, with the metes and bounds described by the petitioner, who alleged that he had purchased it under private contract in the year 1903, from Cruz and Sofía Aponte; and said court, having considered the evidence presented, rendered judgment on January 26 of the current year, approving the application and ordering that the ownership of the three estates be recorded in the Registry of Property of Caguas in favor of the petitioner, Ramírez Muñoz.

A certified copy of the judgment referred to was presented in said registry for the record of the tract of 1¾ *cuerdas,* and the registrar, by decision of April 15 last, refused to admit the document to record, on the ground that from the year 1903, when the estate appears to have been acquired, to the date of the judgment, the 10 years of possession required by section 1858 of the Revised Civil Code, for the prescription of the ownership, had not expired, a cautionary notice being entered, to have effect for a period of 120 days, at folio 178, of volume 26, of Cayey, estate 1550, record letter A.

An appeal was taken from this decision by Ramírez Muñoz, who prays for its reversal on the grounds advanced by him, and that the record sought be ordered made.

Article 18 of the Mortgage Law grants registrars the power to classify, under their responsibility, the documents issued by judicial authorities, for the sole purpose of admitting, suspending or refusing their record or entry; but such power does not authorize them to examine the grounds of judicial decisions, nor to base, upon the opinion they may

form of the legality of such grounds, the denial of any record or entry, although it is permissible for them to consider whether or not they have been rendered by a court of competent jurisdiction and in the proper action, according to the doctrine established by the General Directorate of Registries of Spain, in its decisions of April 10 and June 7, 1876; January 19, 1877; December 22, 1882; December 18, 1883; April 27 and May 5, 1894; September 27, 1897; and October 6, 1900.

And this could not be otherwise because the grounds of judicial decisions, and the very important function of weighing the evidence, are intrusted to the wisdom and integrity of courts of justice, which act within a sphere entirely independent of that of the registrars of property.

Whether or not the District Court of Guayama committed an error in approving the application for a declaration of ownership in question, cannot be decided by the registrar of said district, but by the judicial authority in the proper action instituted by any person considering himself aggrieved.

In view of the foregoing reasons, the decision appealed from should be reversed and the record applied for, entered.

*Reversed.*

Justices MacLeary, Wolf and del Toro concurred.

Mr. Justice Figueras did not take part in the decision of this case.